UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>R. PLESHCHUK, et al.,<br><br>Defendants. | No. 2:19-cv-0699 TLN KJN P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 18, 2019, the undersigned recommended that this action be dismissed based on plaintiff's failure to comply with the court's June 11, 2019 order. Plaintiff filed objections noting his delayed receipt of court orders, as well as his recent transfers and housing in a mental health crisis bed for the last four months. Good cause appearing, the findings and recommendations are vacated.

Plaintiff requests an opportunity to amend his complaint and asks the court to re-send the forms necessary to serve defendants Dr. Pleschuk and Dr. Valencia. However, if plaintiff seeks to amend his complaint, the court will not serve Dr. Pleschuk and Dr. Valencia until plaintiff's amended complaint is filed and screened. Moreover, since the court issued its order, service of

1

process on defendants employed with the California Department of Corrections and Rehabilitation is now accomplished by electronic service. Therefore, plaintiff will no longer be required to provide service of process forms for these two defendants.

Good cause appearing, plaintiff is granted thirty days in which to either file an amended complaint or, in the alternative, notify the court that he intends to proceed on his original complaint solely as to his claims that Dr. Pleshchuk and Dr. Valencia were deliberately indifferent to plaintiff's serious mental health needs and violated plaintiff's due process rights (ECF No. 7 at 3). Plaintiff is cautioned that his disagreement with the mental health care provided by such defendants is insufficient, standing alone, to state a cognizable retaliation claim. (See ECF No. 7 at 3.) Plaintiff is not granted leave to add new defendants or add unrelated claims not included in his original complaint.[1]

Plaintiff is cautioned that failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice. Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 11) are vacated; and

2. Plaintiff is granted thirty days in which to file an amended complaint or notify the court that he intends to proceed with his original complaint, as set forth above.

Dated: December 5, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow0699.36

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.