UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN, | No. 2:19-cv-0699 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. PLESHCHUK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. By order filed June 11, 2019, plaintiff was granted thirty days leave in which to file an amended complaint in an effort to properly raise retaliation claims against defendants. Plaintiff did not file an amended complaint raising retaliation claims, and in his December 18, 2019 filing, did not indicate he wished to raise retaliation claims, but confirmed that he intended to proceed on his original complaint. As noted in the June 11, 2019 order, plaintiff's original complaint fails to state a retaliation claim because although he checked the box claiming a retaliation cause of action, he did not address all of the elements required to state a cognizable retaliation claim. (ECF No. 7 at 3.) Thus, to the extent plaintiff attempted to raise retaliation claims in his original complaint, such claims should be dismissed.

By separate order, the undersigned found that plaintiff's due process claims should also be dismissed because the Eighth Amendment provides the explicit textual source for plaintiff's

claims against defendants Dr. Pleschuk and Dr. Valencia, and plaintiff alleges no specific facts demonstrating a separate due process claim. "'[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994); Graham v. Connor, 490 U.S. 386, 395 (1989)). Therefore, plaintiff's due process claims should also be dismissed.

This action will proceed solely on plaintiff's Eighth Amendment claims against defendants Dr. Pleschuk and Dr. Valencia.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's retaliation and due process claims (ECF No. 1) should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 17, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brow0699.56