1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    RONNIE CHEROKEE BROWN,                    No.  2:19-cv-00699-TLN-KJN

12                    Plaintiff,

13         v.                                    **ORDER**

14    R. PLESHCHUK, et al.,

15                    Defendants.

16

17         Plaintiff Ronnie Cherokee Brown ("Plaintiff"), a state prisoner proceeding *pro se*, has

18    filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a

19    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On March 17, 2020, the magistrate judge filed findings and recommendations which were

21    served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and

22    recommendations were to be filed within fourteen days.  (ECF No. 20.)  On March 26, 2020,

23    Plaintiff filed Objections to the Findings and Recommendations.  (ECF No. 21.)

24         This Court reviews *de novo* those portions of the proposed findings of fact to which

25    objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore*

26    *Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).  As

27    to any portion of the proposed findings of fact to which no objection has been made, the Court

28    assumes its correctness and decides the motions on the applicable law.  *See Orand v. United*

                                        1

*States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed *de novo.  See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

In his Objections, Plaintiff seeks an extension of time to again amend his pleading to state a retaliation claim against Defendants, and also objects that his due process claims should not be dismissed.  (ECF No. 21 at 2.)  However, Plaintiff's request for an extension of time is untimely because his retaliation claims were first dismissed on June 11, 2019.  (*See* ECF No. 7.)  Further, Plaintiff failed to provide a proposed amended complaint that demonstrates he is able to state cognizable retaliation or due process claims against defendants.  As a prisoner, Plaintiff's pleadings are subject to evaluation by this Court pursuant to the *in forma pauperis* statute.  *See* 28 U.S.C. § 1915A.  Since Plaintiff did not submit a proposed amended complaint, the Court is unable to evaluate it.[1]  Therefore, Plaintiff's objections are overruled.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendations filed March 17, 2020 (ECF No. 20), are adopted in full;

2.  Plaintiff's retaliation and due process claims (ECF No. 1) are DISMISSED, without prejudice; and

3.  This action proceeds on Plaintiff's Eighth Amendment claims against Defendants Dr. Pleschuk and Dr. Valencia (ECF No. 1).

IT IS SO ORDERED.

DATED:  April 7, 2020

Troy L. Nunley
United States District Judge

---

[1]     The Court notes that, because the dismissal is without prejudice, Plaintiff may file a motion to amend accompanied by his proposed amended complaint in compliance with Federal Rule of Civil Procedure 15(a).